TRESPASS.                 *Foster vs. Fletcher.*

Case 109.          Appeal from the Nicholas Circuit; WM. O. BROWN, Judge.

         *Possession. Growing crop. Sheriff's return. Repug-*
               *nance. Trespass on goods.*

October 9.     Judge OWSLEY delivered the opinion of the court.

Declaration          FLETCHER sued Foster in trespass *vi et*
in trespass *de*   *armis*, and declared against him for having, with
*bonis asporta-*   force and arms, taken, carried away and converted
*tis.*             to his use, two hundred barrels of corn, of which
                Fletcher is alleged to have been the rightful owner,
                and peaceably possessed.

Plea, trial         The trial was had on the general issue, with leave
and verdict,     to give in evidence any thing that might be specially
and judg-        pleaded; and verdict and judgment for one hundred
ment for         and forty five dollars were recovered by Fletcher.
plaintiff.

                It is unnecessary to notice each of the various
                questions of law moved at the trial and decided by
                the court, because there is one which, upon princi-
                ples familiar in practice, must be adjuged to have
                been erroneously decided, and will, we apprehend,
                be conclusive against the right of Fletcher to recov-
                er in the present form of action. To that question,
                therefore, the few remarks we shall make will be
                directed.

Facts of the        The facts out of which the question arose were
case.            proved to be substantially these:

                In 1820, Fletcher was living on a tract of land
                in the county of Bath, planted a part thereof in
                corn, and continued to reside thereon and cultivate
                the corn until about the middle of July in that
                year. Prior to that year, there was depending in a
                court of competent jurisdiction, between Foster
                and his wife and Leonard Turly, a traverse to an
                inquisition taken under a warrant for forcible de-
                tainer, sued out by Mrs. Foster, before her marriage
                with Foster; and judgment for restitution having
                been rendered therein against Turly after the corn
                was planted by Fletcher, a writ of restitution was
                sued out on the judgment in favor of Foster, direct-
                ed to the county of Bath, under which the sheriff
                to whom the writ was directed entered upon the

land occupied by Fletcher, turned him out of the possession, and delivered the possession thereof to Foster. The sheriff made upon the writ of restitution the following return, to-wit:

Foster
vs.
Fletcher.

"The within named Leonard Turly is no inhabitant of Bath county, and the within named David Foster and wife represented certain premises to me, lying on the waters of Flat creek in Bath county, to be the same in this writ mentioned, which are now occupied by Wm. Fletcher, who they also represent to be privy to Turly; and the plaintiff, Foster, went on the premises and commanded me to give him the possession of the same, which I did, agreeable to the command of the within writ, on the 7th July, 1820, except the crop on the ground, which, by the consent of the plaintiff, was reserved for the said Wm. Fletcher."

Sheriff's return on the writ of restitution.

On being dispossessed, Fletcher left the plantation, did nothing more in cultivating the corn, which was then sufficiently tended, and removed with his family to the distance of two or three miles therefrom, but he occasionally passed through the plantation, and requested Wilson, the tenant then upon the place, under Foster, to take care of the crop.

Immediately on receiving the possession by the sheriff, Foster leased the plantation to Wilson, who, as tenant to Foster, entered thereon, and has continued in possession thereof ever since. In the Autum of 1820, after the corn, which was growing upon the land when possession was delivered by the sheriff, had become ripe, Foster, claiming it as his own, went into the field, gathered it, and has converted it to his own use.

It is for thus gathering and converting the corn by Foster to his use, that the present action was brought by Fletcher; and the question to which we have alluded is, can the action upon the preceding facts be sustained? or, in other words, assuming the facts to be true, will trespass *vi et armis* lie against Foster for gathering and carrying away the corn, and should not the court have instructed the jury to find as in case of a nonsuit?

Foster
vs.
Fletcher.

One person cannot be in the possession of the land and another of the corn growing on it.

Nothing is more clear, than that at the time the corn was gathered, it was neither actually or constructively in the possession of Fletcher. The sheriff seems to have entertained a notion, that whilst one is possessed of land, another may have the possession of corn growing upon it: and in his return, after stating that he had delivered the possession of the land agreeable to the command of the writ, he has gone on to except the crop on the ground. But we know of no rule or principle of law by which the possession of crop growing upon land can be separated from the land, so as to place the possession of the land in one, and the crop in another. The crop, whilst growing, is attached to and composes part of the land, and must necessarily be in the possession of whomsoever the land is possessed.

In the return of the sheriff of the execution of a writ of possession, certifying he had delivered the possession of the land, a clause stating he had excepted for the defendant the growing corn, is repugnant and void, and plaintiff has possession of all.

The exception as to the crop, mentioned by the sheriff in his return, is therefore obviously repugnant to the body of his return, by which the premises is stated to have been delivered to Foster agreeable to the command of the writ, and being repugnant, cannot, in opposition to the other parts of the return, be admitted sufficient to prove possession of the crop in Fletcher. Were such a repugnant exception admitted to have any influence, (and whether or not we shall not stop to enquire,) it might possibly destroy entirely the effect of the return as evidence, but could not upon any rational principle establish the possession of the crop to be in Fletcher; and the return out of the case, the other facts are conclusive to show that Fletcher was neither actually nor constructively possessed of the land or crop, when it was gathered and carried away by Foster.

Plaintiff must have the possession to maintain trespass.

Having failed to shew that he was possessed of the corn at the time the injury complained of by him was committed, it is perfectly clear that Fletcher has shewn no right to maintain his action of trespass *vi et armis*, and that the court should have instructed the jury to find as in case of a nonsuit. For there is no rule of law better settled, and none more frequently recognised and acted on, than that which makes it necessary for a plaintiff, in order to maintain trespass, to have been in possession at the time the injury was committed.

The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had not inconsistent with the principles of this opinion.

*Crittenden* for appellant; *Triplett* for appellee.